# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:17-CV-00053-HBB

TIM HAMILTON                                                                                   PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
**Commissioner of Social Security**                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is Defendant's motion[1] (DN 27) to alter or amend the judgment entered on March 14, 2018 (DN 23). Defendant argues the judgment should be amended because there are clear errors of law in the Court's evaluation of whether substantial evidence supported the step five finding of the Administrative Law Judge (ALJ) (DN 27). Defendant seeks entry of judgment in her favor and dismissal of Plaintiff's complaint (DN 27-1). Plaintiff has responded (DN 28), and this matter is ripe for review. For the reasons that follow, the Defendant's motion is denied.[2]

### STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." A motion

---

1 Brought pursuant to Fed. R. Civ. P. 59(e) (DN 19).

2 Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 14).

1

under Rule 59(e) to "alter or amend may be granted if there is a clear error of law, . . . newly discovered evidence, . . . an intervening change in controlling law, . . . or to prevent manifest injustice." GenCorp, Inc. v. American International Underwriters, 178 F.3d 804, 834 (6th Cir. 1999) (rehearing and suggestion for rehearing en banc denied Jul. 26, 1999) (internal citations omitted). Granting a motion to amend or alter a judgment has been described as "an extraordinary remed[y] reserved for the exceptional case." Foster v. DeLuca, 545 F.3d 582, 584 (7th Cir. 2008). For this reason, such motions should be granted sparingly. U.S. ex rel. American Textile Mfrs. Institute, Inc. v. The Limited, Inc., 179 F.R.D. 541, 547 (S.D. Ohio 1998).

DISCUSSION

Waiver

Defendant claims that its fact and law summary included an argument that Plaintiff had waived his objection to the vocational expert's testimony by failing to raise it during the administrative hearing (DN 27 PageID # 2082-85). Defendant contends that the Court's unfavorable ruling on its "waiver" argument was clearly erroneous in light of established case law within the Sixth Circuit (Id. citing Lyon v. Comm'r of Soc. Sec., No. 1:11–cv–1104, 2013 WL 1149967 at *4 (W.D. Mich. March 19, 2013) (citing Hammond v. Chater, 116 F.3d 1480 (table), 1997 WL 338719 at *3 (6th Cir. June 18, 1997) (plaintiff waived objections to jobs identified by the vocational expert by failing to raise them during the hearing); see also Beinlich v. Comm'r of Soc. Sec., No. 08–4500, 345 Fed. App'x 163, 168–69 (6th Cir. Sept. 9, 2009) (plaintiff's counsel had the obligation to "bring out any conflicts with the" DOT, and failure to do so will not now provide a basis for relief.)).

The Court will begin by observing, although citing different cases, Defendant is merely rehashing the unsuccessful "waiver" argument set forth in its fact and law summary (*compare* DN

21 PageID # 2032-33 *with* DN 27 PageID # 2082-85) and addressed in the March 14, 2018 Order (DN 22 PageID # 2059-61).  A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered.  <u>Whitehead v. Bowen</u>, 301 F. App'x 484, 489 (6th Cir. 2008); <u>Helton v. ACS Group</u>, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997) (citing <u>Keweenaw Bay Indian Cmty. v. State of Michigan</u>, 152 F.R.D. 562, 563 (W.D. Mich. 1992)).  Further, the cases Defendant now cites in support of its "waiver" argument, like the cases advanced unsuccessfully in its fact and law summary, do not address the unique circumstances before the Court.  As the Court previously explained:

> Obviously, to refine the vocational expert's testimony through cross-examination, Plaintiff's counsel would have needed to conduct research on the DOT and O*NET after the vocational expert identified the . . . jobs.  However, it would be unrealistic to expect Plaintiff's counsel to conduct such research during the hearing.  Thus, this part of Defendant's waiver argument is without merit because it places an unreasonable burden on Plaintiff's counsel.

(DN 22 PageID # 2060-61, quoting <u>Johnson v. Commissioner</u>, No. 4:16-CV-00106-HBB, 2017 WL 2454326, at *5 (W.D. Ky. June 6, 2017)).  In sum, the Court concludes that Defendant cannot use its Rule 59(e) motion to rehash its "waiver" argument.

O*NET

Additionally, Defendant contends the Court made a clear error of law when it (1) presumed that O*NET qualifies as a source of reliable job information for purposes of the Social Security disability determination process, and (2) found that the ALJ was required to cross-check the vocational expert's testimony against O*NET (DN 27 PageID # 2085-89).  In support of its position, Defendant relies on SSR 00-4p and an accusation that the Court cited no authority requiring an ALJ to test a vocational expert's testimony against O*NET (<u>Id.</u>).  Defendant also

3

contends that the agency has declined to use O*NET for disability determination because it is intended for "career development and exploration purposes" (Id. citing Content Model and Classification Recommendations for the Social Security Administration Occupational Information System, at pp. 7-9, Sept. 2009 [3]).  Further, Defendant asserts when the Court imposed the requirement that the ALJ cross-check the vocational expert's testimony against O*NET, "the Court completely ignored the agency's discussion of its inability to use O*NET in its disability determination process" (Id.).

The Court will begin with the observation that most of Defendant's argument is merely a rehash of the unsuccessful O*NET argument set forth in its fact and law summary (*compare* DN 21 PageID # 2028-33 *with* DN 27 PageID # 2085-89) and addressed in the March 14, 2018 Order (DN 22 PageID # 2060-61).  Again, Rule 59(e) motions are not intended to be utilized to relitigate issues previously considered.  Whitehead, 301 F. App'x at 489; Helton, 964 F. Supp. at 1182 (citing Keweenaw Bay Indian Cmty., 152 F.R.D. at 563).  All that remains is Defendant's assertion that the Court completely ignored the agency's explanation why it has declined to use O*NET for SSA disability determination purposes.

The DOT was last updated in 1991.  Dictionary of Occupational Titles (4th Ed., Rev.1991), *available at* https://www.oalj.dol.gov/LIBDOT.HTM.  Since then, the occupational landscape in the United States has been dramatically and permanently transformed by the proliferation of automation, computers, and the internet.  On December 9, 2008, then Commissioner Michael J. Astrue established the Occupation Information Advisory Panel (OIDAP) to provide independent advice to the Social Security Administration on forming a new

---

3 https://www.ssa.gov/oidap/Documents/FinalReportRecommendations.pdf

occupational information system (OIS) to replace the DOT for the SSA's disability adjudication system (<u>Content Model and Classification Recommendations for the Social Security Administration Occupational Information System</u>, at pp. 1-2, 7, Sept. 2009 [4]). In September of 2009, the OIDAP issued a report that, among other things, acknowledged the Department of Labor's decision to replace the DOT with O*NET (<u>Id.</u> at pp. 9). The OIDAP report observed that the SSA evaluated O*NET but found, because "it was developed for career development and exploration purposes, it is not suited to disability evaluation" (<u>Id.</u>). Presently, the SSA is well into the development of its own OIS that is intended to keep current by regularly incorporating updated information through the use of a data collection process called the Occupational Requirements Survey (ORS). [5] The OIS is currently scheduled to be online by 2020. [6]

Here, the vocational expert's testimony during the administrative hearing was based on three job descriptions contained in the DOT (Tr. 107-12), a document published by the United States Department of Labor ("DOL") that was last updated in 1991.[7] Plaintiff's fact and law summary included a claim that the vocational expert's testimony did not constitute substantial evidence, to support the ALJ's fifth step finding, because the vocational expert relied on obsolete job descriptions in the DOT (DN 18-1 PageID # 2011-14). Defendant's response included an acknowledgement of the agency's efforts to develop its own OIS to replace the DOT and, more importantly, pointed out that the agency had determined that O*NET was not suited for use in

---

4 Occupational Information Advisory Panel, https://www.ssa.gov/oidap/, (last visited May 16, 2018).

5 Social Security Online - Occupational Information System Project, https://www.ssa.gov/disabilityresearch/occupational_info_systems.html, (last visited May 16, 2018).

6 <u>Id.</u>

7 https://www.oalj.dol.gov/LIBDOT.HTM

disability adjudications (DN 21 PageID # 2028-33).  The Court did not expressly address this argument in the context of ruling on Plaintiff's claim (DN 22 PageID # 2059-67).

The Sixth Circuit's unpublished holding in Cunningham v. Astrue, instructs that when job descriptions in the DOT appear obsolete, "common sense dictates" that "a more recent source of information should be consulted." 360 F. App'x 606, 615 (6th Cir. 2010).  Thus, while the agency may have deemed O*NET unsuitable for disability adjudications, the Sixth Circuit has recognized that O*NET is a more recent source of information that may be consulted when the job descriptions in the DOT appear vulnerable to obsolescence.  See Cunningham, 360 F. App'x at 615-16.

Consistent with the approach taken by the Sixth Circuit in Cunningham, this Court contrasted the three job descriptions in the DOT with more current job information in O*NET and noted discrepancies (DN 22 PageID # 2061-67).  See Cunningham, 360 F. App'x at 315-16. This Court then concluded:

> [T]he discrepancies between the DOT and O*NET present sufficient doubt as to the reliability of the vocational expert's testimony to warrant a conclusion that the ALJ's step five determination was not supported by substantial evidence.  After all, "[i]f the only jobs that the applicant is physically and mentally capable of doing no longer exist in the American economy (such as pin setter, phrenologist, leech collector, milkman, pony express rider, and daguerreotypist), the applicant is disabled from working, and likewise, as a realistic matter, if there is an insignificant number of such jobs." Herrmann v. Colvin, 772 F.3d 1110, 1113 (7th Cir. 2014).  Notably, the Court is not concluding that these positions are obsolete, nor that they do not exist in significant numbers.  Rather, this is a recognition that Plaintiff has created sufficient doubt to merit remand so that a vocational expert can determine whether these positions, as performed in the modern economy, are still occupations available to the Plaintiff given his age, experience, education, and residual functional capacity.

(Id. PageID # 2067).

The agency's determination regarding O*NET predates the Sixth Circuit's opinion in Cunningham. Moreover, neither the Sixth Circuit in Cunningham nor this Court here are suggesting that O*NET is appropriate for use in disability adjudications. Instead, the Sixth Circuit and, by extension, this Court are merely recognizing that O*NET is a more recent source of job information that courts may consult when the descriptions in the DOT appear obsolete. *See* Cunningham, 360 F. App'x at 615-16. Thus, while the undersigned understands that Defendant does not believe O*NET to be a suitable substitute for the DOT, this Court is guided by the Sixth Circuit's holding in Cunningham. *See* Id. at 615. For this reason, the Court concludes that Defendant has not demonstrated a clear error of law.

ORDER

For the foregoing reasons, the Commissioner's motion to alter or amend the judgment (DN 27) is **DENIED**.

Copies:　　　Counsel